# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN DAVID KUEHNE, JR., :

    Petitioner, : Case No. 3:10cv379
                                               Case No. 3:03cr063-1
  vs. :
                                               District Judge Thomas M. Rose
UNITED STATES OF AMERICA, : Magistrate Judge Sharon L. Ovington

    Respondent. :

# REPORT AND RECOMMENDATIONS[1]

       Thusfar in this criminal case, Defendant John David Kuehne, Jr. has challenged his convictions by filing an unsuccessful direct appeal to the United States Court of Appeals for the Sixth Circuit (Doc. #s 297, 299) and by filing an unsuccessful motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 in this Court (Doc. #s 353, 363). Most recently, this Court overruled Kuehne's Objections to a Report and Recommendations, thus denying Kuehne's Urgent Omnibus Motion, his Motion for Reconsideration, and his Request for Inquiry. (Doc. #s 366, 367, 369, 370, 371, 377).

       The case is presently before the Court upon Kuehne's Motion For Leave To File Supplemental Rule 59(e) Motion And Objections In Support (Doc. # 372), his Motion To

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Correct Clerical Mistake (Doc. #s 373, 376), his Motion Requesting Leave To File Supplemental To Rule 59(e) Motion And/Or Specific Written Objections And Memorandum (Doc. # 375), and the record as a whole.

Kuehne contends that reconsideration of his §2255 Motion is warranted in light of two recent Supreme Court decisions: *Lafler v. Cooper*, __U.S.__, 132 S.Ct. 1375, 1384 (Mar. 12, 2012) ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."); and *Missouri v. Frye*, __U.S. __, 132 S.Ct. 1399, 1405-11 (2012) (same)(applying *Strickland v. Washington*, 466 U.S. 668 (1986) to plea-bargaining context). He maintains that these two decisions substantially favor his claims of ineffective assistance of counsel, specifically the fourth and fifth claims he raised in his §2255 Motion and in his Motion For Reconsideration. These two Supreme Court cases, however, confirm what the prior decisions in this case explained: that Kuehne had a constitutional right to the effective assistance of counsel in connection with his plea-bargaining process. *See* Doc. # 353, PageID #s 3925-27, 3939-42 (discussing and applying *Strickland v. Washington*, 466 U.S. 668 (1986)). For the reasons set forth previously, Kuehne has not established that his counsel provided constitutionally ineffective assistance in connection with his plea negotiations.

Kuehne also seeks clarification of the Clerk of Court's Docket Entry Number 321, which describes his Reply in Support of his §2255 Motion. He explains, "3. At first blush, the docket sheet shows that Kuehne's "Reply to Response" (D.R. 341) was entered by the clerk on February 2, 2011. 4. However, it is not until one reads the entire docket

entry text that it becomes evident that Kuehne's "REPLY TO RESPONSE" was 'filed Nunc Pro Tunc on 1/5/11,' that is, on January 5, 2011." (Doc. #373, PageID at 4146). Kuehne argues, "Absent the correction of the docket sheet, Kuehne will continue to be prejudiced by the misleading nature of the docket entry. To date, this Court has entered Report & Recommendations and Orders/Judgments which deny numerous pro se motions filed by Kuehne. These Reports and Recommendations are premised upon an erroneous reading of the docket sheet. . . . " *Id.* Kuehne previously raised these contentions in his Objections to the Report and Recommendations concerning his §2255 Motion. (Doc. #362). The Court overruled Kuehne's Objections and adopted the Report and Recommendations in its entirety. (Doc. #363). Kuehne's present Motions are therefore denied for the same reasons and are likewise moot.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Kuehne's Motion For Leave To File Supplemental Rule 59(e) Motion And Objections In Support (Doc. # 372) and his Motion Requesting Leave To File Supplemental To Rule 59(e) Motion And/Or Specific Written Objections And Memorandum (Doc. # 375) are DENIED as meritless and moot; and

2. Kuehne's Motions To Correct Clerical Mistake (Doc. #s 373 and 376) are DENIED as meritless and moot.

April 30, 2012                  s/Sharon L. Ovington
                                                                        Sharon L. Ovington
                                                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).