# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOHN DAVID KUEHNE, JR., | : | |
| Petitioner, | : | Case No. 3:10cv379 |
| | | Case No. 3:03cr063-1 |
| vs. | : | |
| | | District Judge Thomas M. Rose |
| UNITED STATES OF AMERICA, | : | Magistrate Judge Sharon L. Ovington |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[1]

On June 25, 2012, Defendant John David Kuehne, Jr. filed his Notice of Appeal (Doc. #382) of this Court's Entry and Order, which was docketed on November 14, 2011 (Doc. #363) and which denied and dismissed with prejudice his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255. The related and resulting Judgment also issued on November 14, 2011. (Doc. #364).

This case is pending upon Kuehne's Motion for Extension of Time to Submit Application for Certificate of Appealability (Doc. #383), Kuehne's Application for Certificate of Appealability (Doc. #384), and the record as a whole.

Kuehne seeks a certificate of appealability on six issues:

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

I.

Whether Kuehne's right to effective assistance of counsel was violated during the plea bargaining process when defense counsel failed to gain a timely understanding, and apprise Kuehne of ... a critical element of the three 18 U.S.C. §924(c) offenses, to wit: the underlying predicate drug trafficking crime(s), and possible defenses thereof?

II.

Whether Kuehne's right to effective assistance of counsel was violated when trial and appellate counsel failed to challenge the trial court's jury instructions relevant to the first element of the three 18 U.S.C. §924(c) offenses which failed to fall within the "active employment" understanding of the term "use"?

III.

Whether Kuehne's right to effective assistance of counsel was violated when trial and appellate counsel failed to challenge the trial court's jury instructions relevant to the second element of the three 18 U.S.C. §924(c) offenses which were directed verdicts?

IV.

Whether Kuehne's right to effective assistance of counsel was violated in the district and/or appellate courts by United States' substitution of the underlying predicate drug trafficking crime(s) within the three 18 U.S.C. §924(c) predicate offenses, thereby qualifying them as: (1) non-continuous in nature for purposes of second and subsequent convictions at sentencing; and (2) continuous in nature for purposes of venue on appeal?

V.

Whether Kuehne's right to effective assistance of counsel was violated when trial and appellate counsel failed to challenge the trial court's selection of an essential element of the three 18 U.S.C. §924(c) offenses, to wit: the underlying predicate drug trafficking crime(s), thereby qualifying them as second and subsequent convictions and exposing Kuehne to greater punishment?

VI.

>Whether in view of United States v. Kuehne, 547 F.3d 667 (6th Cir. 2008), the multiple convictions and consecutive sentences imposed upon Kuehne on the three 18 U.S.C. §924(c) offenses constitutes an illegal sentence ... and/or a miscarriage of justice?

(Doc. #384, PageID at 4219-20) (capitalization removed).

A certificate of appealability issues "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(quoting in part *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In the present case, the Court's reasons for rejecting Kuehne's claims, *see* Doc. #s 353, 363, further show that reasonable jurists could not debate (or agree) that his §2255 Motion should have been granted or that the issues he raised were adequate to deserve encouragement to proceed further. *See Miller-El*, 537 U.S. at 336.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Kuehne's Application for Certificate of Appealability (Doc. #384) be DENIED; and

2. Kuehne's Motion for Extension of Time to Submit Application for Certificate of Appealability (Doc. #383) be DENIED as moot.

October 3, 2012

                  s/Sharon L. Ovington
                  Sharon L. Ovington
                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).